Merrimack
91-275

THE STATE OF NEW HAMPSHIRE

v.

FREDDY GONZALEZ

November 10, 1992

*John P. Arnold,* attorney general (*Clyde R. W. Garrigan,* special assistant attorney general), by brief for the State.

*W. Kirk Abbott, Jr.,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

THAYER, J.   The defendant, Freddy Gonzalez, was convicted of conspiracy to sell a controlled drug after a jury trial in the Superior

Court (*Manias*, J.). In this appeal, the defendant's sole argument is that the trial court erred when it admitted statements made by a co-conspirator pursuant to New Hampshire Rule of Evidence 801(d)(2)(E) without sufficient independent evidence proving the existence of the conspiracy. We hold that the prosecution made the required *prima facie* case of a conspiracy of which the defendant was a member and therefore affirm.

The State charged the defendant, together with Norberto Perez and Jose Martinez, of conspiracy to sell a controlled drug. New Hampshire State Trooper Russell Conte testified that on August 10, 1989, he was involved in an undercover operation and posed as a buyer interested in purchasing cocaine. Conte purchased a half ounce of cocaine from Norberto Perez and made arrangements with Perez to purchase a larger amount of cocaine. On Friday, August 11, 1989, Conte, together with Trooper Robert Quinn, met Perez at his apartment in Manchester. The troopers then accompanied Perez to a pay phone across the street, where Perez made a phone call. After the call, Perez and the troopers went to another location in Manchester. They drove to the same residence in which the drug sale between Conte and Perez had taken place on the previous day, and Perez entered the building. Shortly thereafter, Perez returned and the three men drove to another pay phone on Mammoth Road in Manchester. After Perez made a call, they drove to the parking lot of the Carrington Farm Apartments in Hooksett where Perez greeted the defendant, who had come out of the apartment building, and introduced him to the troopers.

The defendant got into Conte's car and used his fingers to count aloud from one to nine in English to explain to Conte that one ounce of cocaine would cost $900. The defendant wanted to see the money, and he counted the $7,200 that Conte handed to him. Conte then asked if everything was okay. The defendant responded by saying "no problem" and told Conte that his brother was coming from Boston and would get there soon to make the actual sale. The defendant explained that he was just doing the negotiations. Both Conte and the defendant got out of the car. The defendant told Conte that on Monday the trooper could get one, two or three kilos of cocaine, again counting on his fingers. The defendant also told the trooper that the cocaine was coming from New York and that his brother was picking it up over the weekend. The defendant left the parking lot saying he would call his brother to see if he was still coming.

After this testimony by Trooper Conte was received into evidence, the prosecution asked the trial judge to rule that a *prima facie* case

of conspiracy had been proved through independent evidence. The trial judge so ruled, and allowed statements made by Perez into evidence under New Hampshire Rule of Evidence 801(d)(2)(E), which provides that a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is not hearsay. On appeal, the defendant challenges this ruling.

■■ The parties agree that "out-of-court statements by co-conspirators are admissible as exceptions to the hearsay rule when [the statements are] made during the pendency of the criminal enterprise and in furtherance of the criminal object, as long as the existence of the conspiracy is sufficiently proved by independent evidence." *State v. Gilbert*, 121 N.H. 305, 311, 429 A.2d 323, 328 (1981) (quotations omitted). The proof required is that of a *prima facie* case. *State v. Colby*, 116 N.H. 790, 794, 368 A.2d 587, 591 (1976); *see State v. Gibney*, 133 N.H. 890, 587 A.2d 607 (1991).

Under RSA 629:3, a person is guilty of conspiracy if, with a purpose that a crime defined by statute be committed, he agrees with one or more persons to commit or cause the commission of such crime, and an overt act is committed by one of the conspirators in furtherance of the conspiracy. Trooper Conte's testimony provided sufficient independent evidence that the defendant was a member of a conspiracy to sell cocaine. Conte had already purchased cocaine from Perez and made arrangements with Perez to purchase a larger amount of cocaine. Perez made several phone calls and ultimately brought the troopers to the apartment building where Perez recognized the defendant and introduced him to the troopers.

The defendant himself committed overt acts in furtherance of the conspiracy to sell cocaine: he communicated the price of $900 per ounce; he asked to see the money; he examined it; he explained that he was "checking out" the deal for his brother, who was bringing the cocaine; and, finally, he told the troopers that they could get even more cocaine on the following Monday because his brother was getting it in New York.

■ In light of this substantial independent evidence and the reasonable inferences to be drawn therefrom, we hold that the State made a *prima facie* case that the defendant was a member of a conspiracy to sell an illegal drug in violation of RSA 318-B:2, :26(I)(a)(1) (Supp. 1991), and statements made by Perez during the course and in furtherance of the conspiracy were properly allowed into evidence.

*Affirmed.*

All concurred.